UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM LAWSON,<br><br>　　　　　Plaintiff,<br>v.<br>MARY WOLFE and DOES 1 through 10,<br><br>　　　　　Defendants. | Civil No. 3:13-cv-2248-GPC-DHB<br><br>**ORDER SUA SPONTE REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

## INTRODUCTION

On February 28, 2013, plaintiff Jim Lawson ("Plaintiff") filed a complaint in the Superior Court of California, County of San Diego for unlawful detainer against defendant Mary Wolfe ("Defendant").[1] (ECF No. 1.) Plaintiff alleges that Defendant unlawfully continues in possession of a property to which Plaintiff claims rights superior to those of Defendant. (ECF No 1-2 at 43.) On September 19, 2013, Defendant, proceeding pro se, removed the matter to this Court, asserting this Court has diversity and federal-question jurisdiction. (Dkt. No. 1 at 2-3.)

After reviewing the pleadings filed in this case, and for the reasons set forth below, this Court finds that it lacks subject matter jurisdiction over the Complaint and, therefore, **SUA SPONTE REMANDS** the matter to state court for all further proceedings.

---

[1] Superior Court case number 37-2013-36870-CL-UD-CTL.

# DISCUSSION

**1.     Legal Standard**

Federal courts are courts of limited jurisdiction. See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, a federal court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 93-94 (1998). Thus, at anytime during the proceedings, a district court may sua sponte remand a case to state court if the court lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c); Brockman v. Merabank, 40 F.3d 1013, 1015-16 (9th Cir. 1994).

Removal jurisdiction is governed by 28 U.S.C. § 1441 et seq. A state court action can be removed if it could have originally been brought in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, a party invoking the federal removal statutes must establish jurisdiction by demonstrating the existence of: (1) a statutory basis; (2) a federal question; or (3) diversity of the parties. See Mir v. Fosburg, 646 F.2d 342, 345 (9th Cir. 1980). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988). The burden is on the removing party to demonstrate federal subject matter jurisdiction over the case. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

To remove an action based on diversity jurisdiction, the complaint must establish (1) complete diversity of the parties, and (2) that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

To remove an action based on the existence of a federal question, the complaint must establish either that federal law creates a cause of action alleged in the complaint or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 461 U.S. 1, 10 (1983). A plaintiff is the master of its complaint, and

federal question jurisdiction exists only when a federal question is presented on the face of a properly pled complaint. See Caterpillar, 482 U.S. at 392. As such, removal cannot be based on a counterclaim. Takeda v. N.W. Nat'l Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985).

**2.    Analysis**

Upon review of Defendant's Notice of Removal and the attached Complaint, this Court finds it appropriate to sua sponte remand the case to state court because the Notice of Removal and attached Complaint fail to establish a proper basis for this Court's subject matter jurisdiction.

Defendant asserts this Court has diversity jurisdiction because, with regard to the diversity requirement, Defendant is a citizen of California, and Plaintiff "has to prove his legal presence in the United States [because] [h]e might be the subject of another country." Defendant further asserts that the amount in controversy exceeds $75,000 because the property that Plaintiffs seeks to regain possession of is worth more than $75,000.

The Court finds it does not have diversity jurisdiction because Defendant has provided no evidence showing Plaintiff's citizenship and because it is apparent from the face of the Complaint that the amount in controversy is far less than $75,000. The Complaint itself seeks only possession of the property and rent at a daily rate not less than $100 from October 24, 2012. Further, the Complaint expressly provides that Plaintiff is seeking less than $10,000.

Defendant also asserts the Court has federal question jurisdiction pursuant to the Fair Debt Collection Practices Act ("FDCPA"), the Fair Housing Act ("FHA"), the Fourth and Fourteenth Amendments to the Constitution, and "a federal question surrounding the construction of the Pooling and Service Agreement of the Bear Stearns Backed Securities 1 Trust 2005-AQ2."

In his Complaint, Plaintiff asserts a single cause of action for unlawful detainer. (ECF No. 1-2 at 5-10.) Plaintiff prays for a judgment of unlawful detainer and for

immediate possession of the property. (Id. at 11.) Notwithstanding Defendants' vague assertion that this Complaint gives rise to a question under the above federal statutes and constitutional amendments, the Court finds no federal question appears on the face of the Complaint. The Court further finds that nothing in the Complaint indicates that Plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law, as the unlawful detainer claim alleged rests exclusively on California state law. Accordingly, the Court finds it does not have subject matter jurisdiction over this case and therefore finds it appropriate to sua sponte remand the matter to state court.

## CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that this case is **SUA SPONTE REMANDED** to the San Diego Superior Court.

DATED: September 26, 2013

HON. GONZALO P. CURIEL
United States District Judge